UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL ANGELO ARREOLA, | ) | 1:10-CV-00739 GSA HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION FOR STAY OF PROCEEDINGS |
| v. | ) | [Doc. #3] |
| | ) | |
| A. HEDGPETH, Warden, | ) | ORDER DIRECTING PETITIONER TO FILE |
| | ) | STATUS REPORTS |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).

On April 28, 2010, Petitioner filed a petition for writ of habeas corpus. Concurrently, he filed a motion to stay the proceedings and hold his petition in abeyance pending exhaustion of additional claims.

**DISCUSSION**

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 276 (2005). Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519

U.S. 1102 (1997). A petition may be stayed either under Rhines, or under Kelly v. Small, 315 F.3d 1063 (9th Cir.2003). Under Rhines, the Court has discretion to stay proceedings; however, this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 277. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. In this case, Petitioner fails to demonstrate good cause for his failure to exhaust his claims first in state court prior to raising them here.

A petition may also be stayed pursuant to the procedure set forth by the Ninth Circuit in Kelly v. Small, 315 F.3d 1063 (9th Cir.2003). Under this three-step procedure: 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition to include the newly exhausted claims. See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir.2009). However, the amendment is only allowed if the additional claims are timely. Id. at 1140-41. In this case, Petitioner meets the qualifications for a Kelly stay. The instant petition present four claims which he states have been presented to the California Supreme Court and are therefore exhausted. Since the instant petition is already exhausted, the first step is unnecessary. Therefore, the Court will stay the proceedings according to the second step of the Kelly procedure. Petitioner will be instructed to file status reports of his progress through the state courts. Once the California Supreme Court renders its opinion, provided the opinion is a denial of relief, Petitioner must file an amended petition including all of his exhausted claims. He is forewarned that claims may be precluded as untimely if they do not comport with the statute of limitations set forth in 28 U.S.C. § 2244(d).

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner's motion for stay of the proceedings is GRANTED pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir.2003);

2) The proceedings are STAYED pending exhaustion of state remedies;

3) Petitioner is DIRECTED to submit a status report of his progress in the state courts within

1 thirty (30) days, and then every thirty (30) days thereafter until exhaustion is complete; and

2     4) Within thirty (30) days after the final order of the California Supreme Court, Petitioner
3 MUST FILE an amended petition in this Court including all exhausted claims.

4     Petitioner is forewarned that failure to comply with this Order will result in the Court
5 vacating the stay.

7     IT IS SO ORDERED.

8     Dated: **June 29, 2010**          /s/ **Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE